UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CR136RWS(MLM) |
| ) | |
| CARLOS RUTHERFORD, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on defendant's Motion to Dismiss for Violation of Earlier Plea Agreement. [D0c. 13] The government responded. [Doc. 16]

In his Motion defendant states that he was charged in two previous Indictments. Those cases resulted in Plea Agreements which defendant argues bar the instant prosecution. Based on the clear and unequivocal language of the Plea Agreements, defendant's Motion is without merit and should be denied. The facts are as follows:

On October 28, 2004 defendant was charged in a two count Indictment. In Count I, he was charged that on September 27, 2004, he was in possession of a firearm after having previously been convicted of a felony. In Count II, he was charged that on October 10, 2004 he was again in possession of a firearm having previously been convicted of a felony. See United States v. Carlos Rutherford, 4:04CR615ERW ("Rutherford case #1").

On April 27, 2005 defendant Rutherford and the Office of the United States Attorney for the Eastern District of Missouri entered into a Plea Agreement in Rutherford case #1 that provided, in pertinent part, as follows:

> Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's knowing and voluntary plea of guilty to Counts I and II of the indictment, the government agrees that no further federal prosecution will be brought in this district against defendant for violations of federal law, known to the government at this time, **arising out of the events that gave rise to the offense outlined in Counts I and II of the indictment.**

On March 30, 2005 defendant was charged in a second Indictment. In United States v. Carlos Rutherford, 4:05CR176DJS ("Rutherford case #2"), defendant was charged that on or about June 2, 2002 defendant possessed with the intent to distribute in excess of 5 grams of cocaine base (crack cocaine).

On July 22, 2005 defendant Rutherford and the Office of the United States Attorney for the Eastern District of Missouri entered into a Plea Agreement that provided, in pertinent part, as follows:

> Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's knowing and voluntary plea of guilty to Count I of the Indictment, the government agrees that no further prosecution will be brought in this district relative to the defendant's **conduct on June 2, 2002 that resulted in the charges reflected in Count I** of the indictment, of which the Office of the United States Attorney for the Eastern District of Missouri is aware at this time.

On February 22, 2007 defendant was charged in the instant one count Indictment which charges that on or about November 23, 2004 defendant knowingly and intentionally possessed with the intent to distribute in excess of 50 grams of cocaine base (crack cocaine). See United States v. Carlos Rutherford, 4:07CR136RWS(MLM) ("Rutherford case #3").

Defendant now argues that the government's promise not to prosecute him further for the events leading to Rutherford case #1 and #2 somehow bars the instant prosecution in Rutherford case #3. The clear language of the Plea Agreements refutes defendant's argument. In these agreements the government promised not prosecute defendant further for the conduct which gave rise to the 9/27/04 and 10/10/04 Possession of a Firearm After Having been Previously Convicted of a Felony and not to prosecute defendant further for the conduct which gave rise to the 6/2/02 Possession with Intent to Distribute in Excess of 5 Grams of Crack Cocaine. These cases have nothing to do with the charges in the instant Indictment which charges defendant with the 11/23/04 Possession With the Intent to Distribute in Excess of 50 Grams of Crack Cocaine. The dates of the offenses are completely different and the conduct as well as the charges are totally unrelated.

**Defendant's argument is disingenuous at best and the Motion to Dismiss is without merit and should be denied.**

**Accordingly,**

**IT IS HEREBY RECOMMENDED** **that defendant's Motion to Dismiss for Violation of Earlier Plea Agreements be DENIED. [Doc. 13]**

**The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).**

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

**Dated this   26th   day of  June, 2007.**